The order below is hereby signed.

Signed: September 08, 2006.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
           UNITED STATES BANKRUPTCY COURT
            FOR THE DISTRICT OF COLUMBIA
```

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JAMES G. BARNES and IRALINE | ) | Case No. 04-01124 |
| G. BARNES, | ) | (Chapter 7) |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| COLOMBO BANK, FSB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 06-10028 |
| JAMES G. BARNES, | ) | |
| | ) | |
| Defendant. | ) | |

### DECISION AND ORDER RE MOTION FOR SANCTIONS

Except to allow the plaintiff additional time to conduct the defendant's deposition, the court will deny the plaintiff's motion for sanctions, subject to reconsideration if the plaintiff disputes the accuracy of the defendant's counsel's affidavit.  In her affidavit, the debtor's counsel, Janet M. Nesse, recites that she and Stephen Nichols, the attorney for the plaintiff, had "[an] understanding that the deposition would not take place until after the Court had ruled on the Motion to Dismiss."  The

plaintiff filed no reply controverting Ms. Nesse's affidavit, and, in opposing a recent motion by the defendant for an enlargement of the time for discovery, has not suggested there was no such understanding.  I will thus assume that there was such an understanding unless the plaintiff seeks reconsideration.

Accordingly, Ms. Nesse had a good faith basis for believing that Mr. Nichols was bound by that understanding, and I will not attempt to decide whether that belief was a correct view of the law.  Even if Mr. Nichols had a unilateral right to terminate the agreement,[1] Ms. Nesse viewed it as inappropriate for Mr. Nichols to renege, and under the circumstances sanctions are unwarranted.

However, the plaintiff is entitled to an enlargement of time to take the deposition because both parties understood that the deposition would be delayed until after issuance of the decision on the motion to dismiss.

It is accordingly

ORDERED that the plaintiff's motion for sanctions is denied without prejudice to renewal in the event that the plaintiff controverts Ms. Nesse's affidavit.  It is further

ORDERED that the plaintiff may re-notice the defendant's

---

[1] Whether the understanding was binding may turn on the circumstances.  When the understanding was reached, Ms. Nesse may have had plenty of spare time to file a motion for a protective order if she and Mr. Nichols had failed to reach an understanding.  She may not have had spare time to do so in mid-July.

2

deposition for a mutually agreeable date to take place no later than October 27, 2006.

[Signed and dated above.]

Copies to:

Office of the United States Trustee; all counsel of record.